UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  　　　　　　　　　　　CASE NO. 6:24-cr-22-PGB-LHP
　　　　　　　　　　　　　　18 U.S.C. § 922(g)(1)

BYRON LOUDER

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Possession of a Firearm by a Convicted Felon)**

On or about December 25, 2022, in the Middle District of Florida, the defendant,

BYRON LOUDER,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses committed on occasions different from one another:

1. Delivery of Cocaine, committed on or about July 18, 2013, and convicted on or about August 26, 2013,

2. Possession of Cocaine with Intent to Sell or Deliver, committed on or about December 22, 2015, and convicted on or about June 21, 2016,

3. Possession of a Controlled Substance with Intent to Sell or Deliver, committed on or about December 21, 2019, and convicted on or about November 30, 2020,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Sig Sauer pistol.

In violation of 18 U.S.C. § 922(g)(1) and 924(e).

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Sig Sauer 9mm caliber pistol, with serial number 58K083755, seized from the defendant on December 25, 2022.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Stephanie A. McNeff
Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

BYRON LOUDER

## INDICTMENT

Violation:

18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 24th day of January, 2024.

_____
Clerk

Bail   $_____